UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERNAVE MORENO-CARRASCO,<br>                Movant,<br>    -vs-<br>UNITED STATES OF AMERICA,<br>                Respondent. | NO.   CR-09-2110-WFN-1<br><br>ORDER |

Before the Court is Mr. Moreno-Carrasco's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed April 19, 2012 (Ct. Rec. 681). Mr. Moreno-Carrasco challenges the effectiveness of his counsel regarding defense counsel's advice and actions regarding appeal and entry of the plea. Mr. Moreno-Carrasco also challenges the Court's failure to comport with Fed. R. Crim. P. 11. After reviewing Mr. Moreno-Carrasco's § 2255 Motion, the Court issued an order asking Mr. Moreno-Carrasco whether he intended to pursue claims that likely violated his plea agreement. ECF No. 682. Mr. Moreno-Carrasco replied that he only wished to pursue those claims that would not invalidate his plea agreement. ECF No. 684. Thus, the Court interprets the plea agreement to permit Mr. Moreno-Carrasco to file a § 2255 Motion for ineffective assistance of counsel during the plea process. The remaining claims appear to violate the terms of his plea agreement.

## BACKGROUND

Mr. Moreno-Carrasco was indicted for conspiracy to distribute over 1,000 kilograms of marijuana, use of a communication facility in the commission of a felony, and engaging in a continuing criminal enterprise. On September 27, 2010, he pled guilty to Count 3. ECF

ORDER - 1

No. 496. He was subsequently sentenced to 180 months, the length of time agreed to in the Plea Agreement. ECF No. 668.

## DISCUSSION

The Court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "To earn the right to a hearing, therefore, [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES SECTION 2255 PROCEEDINGS (West).

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Moreno-Carrasco has met the first two requirements, however, as shown below, he cannot meet the third.

In order to prevail on his ineffective assistance claims, Movant must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Movant must

show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

*Strickland's* two-prong test applies to ineffectiveness claims arising from the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57-58,(1985). The first part of the inquiry is whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759 (1970)). The second part, the prejudice inquiry, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59.

The plea agreement and plea colloquy show that defense counsel's performance was well within the range of competence expected of criminal defense attorneys. The facts in the plea agreement supported the elements of the crime. Assistant United States Attorney Jane Kirk summarized those same facts during the change of plea hearing. The Court discussed specifics of the facts with Mr. Moreno-Carrasco who admitted to the veracity of many of the facts, but contested the value of the marijuana. His counsel explained that while Defendant contested certain facts, the Defendant agreed that the Government could prove all facts in the plea agreement beyond a reasonable doubt at trial. Based on the exchanges during the change of plea hearing, it is plain that defense counsel was well aware of the elements of the crime and of the evidence that the Government possessed supporting the Defendant's guilt. Mr. Lara's performance was effective.

Further, Mr. Carrasco-Moreno does not provide any information supporting prejudice. To show prejudice he would have to provide facts indicating that but for counsel's deficient performance, he would not have changed his plea and would have insisted upon going to trial. There is no such evidence before the Court.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of

ORDER - 3

1 the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004).  This requires a
2 showing that "reasonable jurists would find the district Court's assessment of the
3 constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id*.

Based on the Court's preceding analysis, the Court concludes that the Movant has not made a substantial showing of a denial of a constitutional right.  Thus, a certificate of appealability should not issue.  Accordingly,

**IT IS ORDERED** that Movant's Motion Under § 2255, filed April 19, 2012, **ECF No. 681**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to pro se Movant and to the United States Attorney in Spokane, Washington;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-12-3058-WFN**.

**DATED** this 5th day of November, 2012.

10-17-12

                          s/ Wm. Fremming Nielsen
                          WM. FREMMING NIELSEN
                          SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 4